UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

Pietro Giambrone,

                  Debtor.

------------------------------------------------------------x

           Chapter 11

           Case No. 19-40157 (CEC)

## DECISION DENYING STAY PENDING APPEAL

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of Pietro Giambrone ("Mr.

Giambrone") for a stay pending appeal of this Court's order granting VNB New York LLC

("VNB") relief from the automatic stay pursuant to 11 U.S.C. § 362(d) with respect to 122

Holcomb Avenue, Staten Island, NY 13012. (ECF No. 38.)[1]  VNB opposes the motion. For the

following reasons, the motion is denied.

### JURISDICTION

This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334(b), and the

Eastern District of New York standing order of reference dated August 28, 1986, as amended by

order dated December 5, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),

(G), and (O).  This decision constitutes the Court's findings of fact and conclusions of law to the

extent required by Federal Rule of Bankruptcy Procedure 7052.

### BACKGROUND

The following facts are undisputed, or are matters of which judicial notice may be taken.

On November 18, 2015, Mr. Giambrone filed a voluntary petition under chapter 13 of the

Bankruptcy Code, commencing Case No. 15-45222-ESS.  Mr. Giambrone did not file any

schedules or statements in the case, and the case was automatically dismissed on January 5, 2016

pursuant to 11 U.S.C. § 521(i)(1).

On June 14, 2016, Brigid Giambrone ("Mrs. Giambrone"), Mr. Giambrone's wife, filed a

voluntary petition under chapter 11 of the Bankruptcy Code commencing Case No. 16-42610-

CEC.  Mrs. Giambrone's Schedule A reflected an ownership interest in the following eight real

properties: (1) 108 Holcomb Avenue, State Island, New York 10312 (the "108 Holcomb

---

[1] Unless otherwise noted, all statutory references are to the Bankruptcy Code, Title 11, U.S.C.  All citations to "ECF No. []" are to documents filed in Case No. 19-40157-CEC, identified by docket entry number.  All citations to "Case No. 16-42610-CEC, ECF No. []" are to documents filed in Case No. 16-42610-CEC, In re Brigid Giambrone, identified by docket entry number.

Property"); (2) 4516 Seagull Drive, New Port Richey, FL 34652 (the "Florida Property"); (3)

171 Androvette Avenue, Staten Island, NY 10312; (4) 122 Holcomb Avenue, Staten Island, NY

10312 (the "122 Holcomb Property"); (5) 82 Holcomb Avenue, Staten Island, NY 10312; (6) 18

Belfield Avenue, Staten Island, NY 13012; (7) 93 Bush Avenue, Staten Island, NY 10312; (8) 32

Belfield Avenue, Staten Island, NY 10312.  (Case No. 16-42610, ECF No. 16 at 4-6.)  All of

these properties are owned by tenancy by the entireties by Mr. and Mrs. Giambrone, with the

possible exceptions of 93 Bush Avenue, Staten Island, NY 10312 and 4516 Seagull Drive, New

Port Richey, FL 34652.[2] (Case No. 16-42610, ECF No. 16 at 4-6.)  Mrs. Giambrone's petition

stated that she resides at 108 Holcomb Ave, Staten Island, NY 10312.  (Case No. 16-42610, ECF

No. 1.)

On August 15, 2016, VNB filed a motion seeking relief from the automatic stay with

respect to the 122 Holcomb Property.  (Case No. 16-42610, ECF No. 30.)  VNB obtained a pre-

petition Judgment of Foreclosure and Sale from the New York State Supreme Court, Richmond

County on September 8, 2015, based upon a mortgage and note that matured on May 1, 2009.

(Case No. 16-42610, ECF No. 30.)  Mrs. Giambrone opposed the motion.  After a hearing held

on September 14, 2016, the Court issued an order on September 27, 2016, denying the motion,

conditioned on Mrs. Giambrone's payment of monthly adequate protection payments of $3,500

to VNB for the duration of the bankruptcy case. (Case No. 16-42610, ECF No. 47.)

Mrs. Giambrone's path to plan confirmation was lengthy and challenging.  She filed

multiple proposed plans and disclosure statements (Case No. 16-42610-CEC, ECF Nos. 45, 59,

67, 68, 77, 78, 95, 96, 105, 106, 110, 111, 125, 126, 139, 140, 150, 151.)  The Sixth Amended

---

[2] While Mrs. Giambrone's Schedule A states that she is a co-owner of the Florida property, and Schedule H states that Mr. Giambrone is the co-owner, it does unclear whether the property is owned as tenancy by the entireties, tenants in common, or joint tenants.

Plan of Reorganization Dated March 20, 2017 (the "Sixth Amended Plan") proposed to pay

VNB's claim with an interest rate of 2.87%. (Sixth Amended Plan at 9, Case No. 16-42610-CEC,

ECF No. 150.) At the end of a 60-month payment plan, Mrs. Giambrone proposed to make a

balloon payment to VNB of approximately $526,191.00. (Sixth Amended Plan at 9, Case No.

16-42610-CEC, ECF No. 150.)

The Sixth Amended Plan further provided:

> [Mrs. Giambrone] shall refinance [the 122 Holcomb Property] prior
> to the due date of the five (5) year balloon and shall pay such secured
> creditor its' respective secured claim in full. . . .  In the unlikely
> event that [Mrs. Giambrone] is unable to refinance [the 122
> Holcomb Property] prior to the respective due date of the balloon
> payment, [Mrs. Giambrone] will promptly list said property for sale
> and satisfy the balance of the secured claim due [VNB] from the
> proceeds of such sale. Given the excellent condition of [the 122
> Holcomb Property] and the current real estate climate in Staten
> Island, [Mrs. Giambrone] believes that [the 122 Holcomb Property]
> will be sold and title transferred within six (6) months of any listing.

(Sixth Amended Plan at 16, Case No. 16-42610-CEC, ECF No. 150.)

VNB objected to the confirmation of the Sixth Amended Plan, arguing that Mrs.

Giambrone did not established her ability to refinance and make the required balloon payment,

and therefore, the plan was not feasible and likely to be followed by a reorganization in violation

of § 1129(a)(11). (VNB Objection at 6-12, Case No. 16-42610-CEC, ECF No. 160.)  VNB also

questioned whether Mrs. Giambrone would actually sell the 122 Holcomb Property, asserting that

she and her husband "have shown themselves completely unwilling to shed any of their real

properties." (VNB Objection at 12, Case No. 16-42610-CEC, ECF No. 160.)  VNB further argued

that the Sixth Amended Plan did not satisfy § 1129(b)(1) because it did not propose to pay VNB's

fully secured claim of $666,432.64, and challenged the proposed interest rate of 2.87% as below

market. (VNB Objection at 17-19, 20-24, Case No. 16-42610-CEC, ECF No. 160.)

The Court denied confirmation of the Sixth Amended Plan after a lengthy confirmation hearing on May 24, 2017, in which the Court heard testimony from three witnesses, including Mr. and Mrs. Giambrone. On August 2, 2017, the Court read a decision into the record finding that the Sixth Amended Plan was not feasible and failed to satisfy the statutory requirements of § 1129(a)(11) and § 1129(b)(2). On August 4, 2017, the Court issued an order denying confirmation of the Sixth Amended Plan. (Case No. 16-42610-CEC, ECF No. 193.)

Subsequently, Mrs. Giambrone filed her Seventh Amended Disclosure Statement and Seventh Amended Plan. (Case No. 16-42610-CEC, ECF Nos. 196, 197.) The Seventh Amended Plan provided for the sale of the 122 Holcomb Property to satisfy VNB's claim in full. (Seventh Amended Plan at 9, Case No. 16-42610-CEC, ECF No. 197.) The Seventh Amended Plan further provided that, although Mrs. Giambrone anticipated that the property would be sold within six months of the plan's effective date, if the sale does not close by the 180th day after the effective date, VNB can file an Affirmation of Non-Compliance and the Court can issue an order granting VNB relief from the automatic stay with respect to its secured claim on the 122 Holcomb Property.[3] (Seventh Amended Plan at 9, Case No. 16-42610-CEC, ECF No. 197.) The payments to other classes of claims under the Seventh Amended Plan were to be funded in part by "the contribution from [Mrs. Giambrone]'s husband ($583.61 net rent proceeds; $2,350.00 social security income; $2,726.00 pension income - all per month)." (Seventh Amended Plan at 13, Case No. 16-42610-CEC, ECF No. 197.)

A confirmation hearing was held on November 8, 2017, and no objections were interposed. On January 26, 2018, the Court issued an order confirming the Seventh Amended Plan. (Case No. 16-42610-CEC, ECF No. 233.)

---

[3] The Seventh Amended Plan defines "Effective Date" as "the first Business Day after the Confirmation Order becomes a Final Order." (Seventh Amended Plan at 3, Case No. 16-42610-CEC, ECF No. 197.)

Six months later, on July 31, 2018, VNB filed an affirmation of non-compliance, stating that the 122 Holcomb Property was not sold as required by the Seventh Amended Plan, and requested relief from the automatic stay.  (Case No. 16-42610-CEC, ECF No. 261.)  On October 16, 2018, the Court issued an order lifting the automatic stay to permit VNB to exercise its rights under applicable law with respect to the 122 Holcomb Property. (Case No. 16-42610-CEC, ECF No. 279.)

On December 10, 2018, Mrs. Giambrone filed a motion seeking entry of a final decree closing the case, and represented that the plan was substantially consummated, notwithstanding the failure to sell the 122 Holcomb Property.  (Motion for Final Decree at 5, Case No. 16-42610-CEC, ECF No. 284).  On December 28, 2018, the Court issued a final decree closing Mrs. Giambrone's bankruptcy case. (Final Decree, Case No. 16-42610-CEC, ECF No. 287.)

Eleven days later, on January 9, 2019, Mr. Giambrone commenced this case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. (ECF No. 1.) Mr. Giambrone's Schedule A/B lists almost the same properties as Mrs. Giambrone's Schedule A/B, including the 122 Holcomb Property.[4] (ECF No. 11).  However, unlike Mrs. Giambrone's schedules, Mr. Giambrone lists the 122 Holcomb Property as an investment property that he solely owns in fee simple. (ECF No. 11.)

On February 7, 2019, VNB filed a motion seeking in rem relief from the automatic stay pursuant to § 362(d)(1), (2), and (4) with respect to the 122 Holcomb Property, or alternatively, seeking dismissal of the case pursuant to § 1112(b) as a bad faith filing.  (VNB Motion for Relief from the Stay, ECF No. 18.)  VNB asserted that this case was filed the day before VNB's scheduled

---

[4] Interestingly, Mr. Giambrone's Schedule A/B lists properties located at 97 Bush Avenue, Staten Island, NY 10312 and 111 Bush Avenue, Staten Island, NY 10312, and states that they are owned jointly by Mr. and Mrs. Giambrone, though these properties were not listed on Mrs. Giambrone's Schedule A/B.  (Compare Schedule A/B, ECF No. 11 with Case No. 16-42610-CEC, ECF No. 16.)

foreclosure sale of the 122 Holcomb Property. (VNB Motion for Relief from the Stay at 3, ECF No. 18.) VNB argued that relief from the stay is warranted under § 362(d)(1) because the case was filed in bad faith, and that in rem relief is warranted pursuant to § 362(d)(4) because this case is part of a scheme to delay and hinder VNB involving multiple bankruptcies affecting the 122 Holcomb Property.

Mr. Giambrone opposed VNB's motion, arguing that his cases and Mrs. Giambrone's case are not a "concerted effort to delay foreclosure," and they should not be considered "serial filers." (Opposition at ¶ 5, ECF No. 19.) He argued that his chapter 13 case was only "automatically dismissed [under § 521], significantly, NOT for cause." (Opposition ¶ 5, ECF No. 19.) He further argued that Mrs. Giambrone's case should not be considered as part of a schedule to hinder or delay because that case resulted in a confirmed of a chapter 11 plan. (Opposition ¶ 5, ECF No. 19.) Mr. Giambrone also argued that drawing a negative inference against him based upon Mrs. Giambrone's case violates due process because Mr. Giambrone was not subject to the Court's jurisdiction in that case. (Opposition at ¶ 5, ECF No. 19.) Mr. Giambrone further argued that the Seventh Amended Plan "only afforded [them] a six month window to sell," and that the refusal of tenants to vacate the property resulted in limited interest from prospective buyers. (Opposition at ¶ 6, ECF No. 19.) Mr. Giambrone pointed out that VNB's motion concedes that there is equity in the property. (Opposition at ¶ 9, ECF No. 19.)

A hearing on VNB's motion was held on February 20, 2019, at which the Court determined that Mr. Giambrone's current case was part of a scheme to delay and hinder VNB. The Court based this conclusion upon Mr. Giambrone's prior filing and Mrs. Giambrone's case, in which VNB was granted relief from the stay upon Mrs. Giambrone's failure to sell the 122 Holcomb Property within 180 days of the plan's effective date, and the fact that all three filings stayed

VNB's scheduled sales of the property  (Tr. at 10, 14, 15, 18,  19, 21, ECF No. 35.)[5]  On March 4,

2019, the Court issued an order granting VNB relief from the automatic stay pursuant to

§ 362(d)(4) with respect to the 122 Holcomb Property (the "Lift Stay Order"). (Lift Stay Order,

ECF No. 25.)

On March 18, 2019, Mr. Giambrone filed a notice of appeal of the Lift Stay Order. (ECF

No. 29.).  On April 26, 2019, Mr. Giambrone filed this motion to stay the Lift Stay Order pending

appeal, stating that a sale of the 122 Holcomb Property was scheduled for May 2, 2019. (ECF Nos.

38, 39).  VNB opposes the motion.

DISCUSSION

An application for a stay pending appeal from a decision of a bankruptcy court is

governed by Rule 8007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Fed. R. Bankr. P. 8007(a). The decision to grant or deny a stay pending appeal lies within the

discretion of the bankruptcy court. In re Sabine Oil & Gas Corp., 551 B.R. 132, 142 (Bankr.

S.D.N.Y. 2016).

To obtain a stay pending appeal under Bankruptcy Rule 8007, a party must establish that

> (1) it would suffer irreparable injury if a stay were denied;
>
> (2) there is a substantial possibility, although less than a likelihood, of success on the merits of movant's appeal;
>
> (3) other parties would suffer no substantial injury if the stay were granted; and that
>
> (4) the public interest favors a stay.

In re Gen. Motors Corp., 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009) (citing  Hirschfeld v. Bd. of

Elections, 984 F.2d 35, 39 (2d Cir.1992); In re DJK Residential, LLC, 2008 WL 650389 (S.D.N.Y.

---

[5] "Tr." refers to the transcript of the hearing held on February 20, 2019.

7

Mar.7, 2008) (Lynch, J.); <u>In re WestPoint Stevens, Inc.</u>, No. 06 Civ. 4128, 2007 WL 1346616, at *4 (S.D.N.Y. May 9, 2007) (Swain, J.)).

The movant bears a "heavy" burden and must "show satisfactory evidence on all four criteria." <u>Id.</u> (citations omitted).  In determining whether to grant a stay pending appeal, the Second Circuit balances the factors. <u>See</u> <u>ACC Bondholder Grp. v. Adelphia Commc'ns Corp. (Adelphia Commc'ns Corp.)</u>, 361 B.R. 337, 347 (S.D.N.Y. 2007).  "Stays pending appeal are the exception, not the rule, and are granted only in limited circumstances." <u>In re Taub</u>, No. 08-44210, 2010 WL 3911360, at *2 (Bankr. E.D.N.Y. Oct. 1, 2010) (citing <u>In re Paolo Gucci</u>, 105 F.3d 837, 840 (2d Cir.1997) and <u>In re Aston Baker</u>, 2005 WL 2105802, at *3 (E.D.N.Y. Aug.31, 2005)).  "Moreover, if the movant 'seeks the imposition of a stay without a bond, the applicant has the burden of demonstrating why the court should deviate from the ordinary full security requirement.'" <u>In re 473 W. End Realty Corp.</u>, 507 B.R. 496, 501–02 (Bankr. S.D.N.Y.) (quoting <u>Gen. Motors Corp.</u>, 409 B.R. at 30 (Bankr. S.D.N.Y. 2009)).

Mr. Giambrone argues that the 122 Holcomb Property is "the only property of the bankruptcy estate and is the sole purpose of the debtor's reorganization."  (Motion for Stay ¶ 1, ECF No. 38.)  He argues that this Court erred when it considered Mrs. Giambrone's case in the analysis under § 362(d)(4) of whether this filing is part of a scheme to hinder or delay VNB. Mr. Giambrone argues that, because the auction sale is scheduled for May 2, 2019, he will be irreparably harmed if the sale is not stayed pending appeal of the Lift Stay Order.  (Motion for Stay ¶ 4, ECF No. 38.)

VNB, noting that Mr. Giambrone waited over one month from entry of the Lift Stay Order to seek a stay pending appeal, argues that Mr. Giambrone has not satisfied his burden to obtain a stay.

Mr. Giambrone's motion for a stay pending appeal must be denied.  He simply argues that he will suffer irreparable harm if the 122 Holcomb Property is sold, and that the Court's determination that this case is part of a scheme to delay or hinder VNB is erroneous.  He cites no authority in support of these positions, and does not address the other two criteria for obtaining a stay – specifically, whether VNB would suffer no substantial injury if the stay were granted and whether the public interest favors a stay.

The fact that that the property will be sold absent a stay does not automatically constitute irreparable harm.  "An injury that may be fully remedied by monetary damages does not constitute irreparable harm."  In re 473 W. End Realty Corp., 507 B.R. 496, 507 (Bankr. S.D.N.Y. 2014).   In this case, Mr. Giambrone has not established that any harm from sale of the property cannot be fully remedied by monetary damages. The 122 Holcomb Property is not Mr. Giambrone's residence – it is one of many investment properties. Cf. In re Melton, Case No. 11-70984-REG, 2011 WL 1600506, at *3 (Bankr. E.D.N.Y. Apr. 27, 2011) ("Courts have held that forcing a debtor to vacate a residence where the debtor has lived for a long time may cause irreparable harm, particularly where a sale by the bank will leave the debtor with little hope of recovering the property.") Indeed, the confirmed Seventh Amended Plan in Mrs. Giambrone's case, which was supported by Mr. Giambrone, expressly provided for the sale of the 122 Holcomb Property.  However, even assuming that Mr. Giambrone will be irreparably harmed because the sale of the property may render his appeal moot, the motion for a stay must still be denied based upon an analysis of the remaining factors.

Mr. Giambrone has not established that there is a substantial possibility that he will succeed in his appeal of the Lift Stay Order.  He cites no authority to support his argument that his wife's bankruptcy case should not be factored into the § 362(d)(4) analysis.   It should be

noted that relief under § 362(d)(4) may be warranted upon the filing of two bankruptcy cases affecting the same real property.  This is the third bankruptcy case that was filed on the eve of a foreclosure sale of the 122 Holcomb Property.

Section 362(d)(4) provides for relief from the automatic stay with respect to an act against real property "if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either-- (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or (B) multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4).

The purpose of § 362(d)(4), which was added to the Bankruptcy Code in 2005, is to prevent repeated bankruptcy filings by persons or entities claiming an interest in real property from frustrating the secured creditor's attempted exercise of rights under state law.  A scheme to hinder, delay or defraud warranting relief under § 362(d)(4) need not involve filings by the same person or entity; repeat filings by different persons or entities may be found to constitute the requisite scheme to hinder, delay or defraud justifying relief under § 362(d)(4).  See In re Valid Value Properties, LLC, No. 16-13299, 2017 WL 123751, at *9 (Bankr. S.D.N.Y. Jan. 5, 2017) (corporate entity and its principal); In re Montalvo, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009) (occupants of the same property).

The presence of such a scheme could not be any clearer from the sequence of events in these cases.  In 2015, Mr. Giambrone filed a chapter 13 case which stopped a foreclosure sale on the 122 Holcomb Property.  In 2016, Mrs. Giambrone file a chapter 11 case, in which she claimed to own the 122 Holcomb Property as tenants by the entireties with Mr. Giambrone, and which also stopped a foreclosure sale.  After failing to obtain confirmation of a chapter 11 plan that allowed Mr. and Mrs. Giambrone to retain ownership of the 122 Holcomb Property and pay

VNB out over a five-year period, Mrs. Giambrone proposed a plan which provided for the

Giambrones to retain ownership of the 122 Holcomb Property for six months, to allow them to

sell it and realize any equity, but gave VNB the right to foreclose if the property was not sold in

that time frame.  That plan was confirmed on January 26, 2018, and on October 16, 2018, the

automatic stay was lifted to permit VNB to foreclose on the 122 Holcomb Property.

On December 28, 2019, a final decree was entered in Mrs. Giambrone's case, on Mrs.

Giambrone's motion in that case, stating that the confirmed plan had been substantially

consummated.  On January 9, 2019, Mr. Giambrone filed the instant case on the eve of VNB's

scheduled foreclosure sale, to frustrate the completion of the last open item provided for under

Mrs. Giambrone's confirmed plan – VNB's foreclosure on the 122 Holcomb Property.  This

sequence of events provides ample grounds to conclude that this bankruptcy case was filed as

part of a scheme to hinder or delay VNB's exercise of its rights with respect to the 122 Holcomb

Property.  Montalvo, 416 B.R. at 387 (stating that "[t]he timing and sequencing of the filings is

also significant" in determining whether the current petition is part of a scheme to delay, hinder

or defraud a secured creditor").

Mr. Giambrone's motion for a stay fails to address the remaining two factors that must be

weighed in order to obtain a stay pending appeal, the absence of any substantial injury to other

parties if the stay were granted, and public interest favoring a stay.  With respect to impact of the

stay, VNB notes that there appears to be minimal equity in the 122 Holcomb Property, which is

being eroded rapidly by the accrual of judgment interest at 9%.  To the extent that the public

interest is implicated here, it is not served by allowing this bankruptcy filing to frustrate the

completion of the confirmed plan in Mrs. Giambrone's case.

CONCLUSION

Because an analysis of the required factors does not weigh in favor of granting a stay

pending appeal, Mr. Giambrone's motion is denied.



**Dated: Brooklyn, New York**
**May 1, 2019**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**

12